NEW COLONIAL ICE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27726. Promulgated November 24, 1931.

*Joseph Sterling, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

OPINION.

SEAWELL: In contesting the deficiencies proposed by the Commissioner it is the contention of the petitioner that in determining its tax liability for the period April 14, 1922, to December 31, 1922, it should have the benefit of the net losses sustained by the Colonial Ice Corporation (herein referred to as the " old company ") for the calendar year 1921 and the period January 1, 1922, to April 13, 1922, under the provisions of section 204 of the Revenue Act of 1921. In the first place, it is urged that the petitioner and the old company were affiliated and therefore under the principle laid down in *Alabama By-Products Corporation et al.*, 18 B. T. A. 919, the petitioner would receive the benefit of the old company's net losses in determining consolidated net income for the period April 14, 1922, to December 31, 1922. We, however, fail to see any basis for affiliation of the two companies. What occurred was that the petitioner's preferred stock was issued to the old company and its common stock to voting trustees, who in turn issued voting trustees' certificates to the old company. The old company thereupon redelivered the preferred stock and voting trustees' certificates so received to the

new company, with directions to deliver the preferred stock and voting trustees' certificates for common stock to such persons as it (the old company) might direct. Thereafter, the stockholders of the old company, with the exception of those owning 247 shares of each class of stock, surrendered their stock to the old company and received from the new company, on direction from the old company, share for share of preferred stock of the new company for preferred stock of the old company and voting trustees' certificates of common stock in the new company, share for share, for the common stock of the old company. The old company thereupon canceled and retired the old stock so surrendered. The old company then had outstanding only 247 shares of stock and these old stockholders were in no sense stockholders of the new company. And, further, the preferred stock and trustees' voting certificates for common stock of the new company, which were held available for exchange when the minority saw fit to turn in its stock, were not held by the old company, but by the new. Manifestly, we have here neither the semblance of ownership or control by one corporation of substantially all the stock of another corporation nor substantially all the stock of the two corporations owned or controlled by the same interests, as required by section 240 of the Revenue Act of 1921 in order to permit an affiliated status.

In the next place, as an alternative, it is contended that for the purpose of granting the relief sought the separate legal entities should be disregarded and the new company considered as if it were the "taxpayer" which sustained the "net losses." We are convinced that this can not be done. The mere fact that the new corporation was incorporated under the laws of the same State as the old corporation does not necessarily mean that each corporation has the same rights, franchises, powers, privileges and immunities. In fact, one of the very apparent purposes of the formation of the new corporation was to create a corporation which was separate and distinct from the old corporation. In addition to the financial difficulties which faced the old corporation, it was found that a large number of shares of stock had been issued without consideration and that much of this stock had not been recorded on the books of the company. In this situation it was important from the point of view of both the creditors and the *bona fide* stockholders that the new corporation to which the assets would be transferred would be something entirely different from the old corporation, spurious stock of which might still be in existence. The certificate of incorporation of the petitioner was submitted in evidence, but not that of the old company, and therefore we are unable to make proper comparison of their likenesses and/or differences. However, we are

unwilling to say that because the assets and liabilities of the old company became those of the new and that the stockholders of the old company to whom stock was issued received stock of a like character and amount in the new company, the changes from the old to the new company were mere changes of form which would permit us to say that the petitioner is to all intents and purposes the same " taxpayer " as its predecessor. We are accordingly of the opinion that the petitioner may not have the benefit of the net losses sustained by its predecessor for 1921 and the period January 1, 1922, to April 13, 1922. *Maytag Co.*, 17 B. T. A. 182; *Standard Silica Co.*, 22 B. T. A. 97; *Athol Manufacturing Co.*, 22 B. T. A. 105; and *Clark Dredging Co.*, 23 B. T. A. 503.

The parties have stipulated the net income of the petitioner for the period April 14, 1922, to December 31, 1922, and for the year 1923, and the deficiencies should be computed upon that basis.

*Judgment will be entered under Rule 50.*